838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee.
v.
Jesse James JOHNSON, Defendant-Appellant.
 No. 87-5094.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 8, 1988.
Decided Jan. 27, 1988.
 
 Michael R. Nash on brief for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Becky M. Strickland, CLA, Paralegal Specialist, on brief for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant, Jesse James Johnson, appeals his conviction for possessing a firearm after being convicted of a felony, 18 U.S.C. Sec. 1202(a)(1), on the grounds of insufficiency of evidence and a change to the relevant statute. After a review of the record and the briefs, we are convinced that the evidence is sufficient to support the defendant's conviction. Additionally, since the acts for which defendant was convicted occurred prior to the effective date of the repeal of the statute, under 1 U.S.C. Sec. 109, his indictment and conviction is unaffected by the repeal of 18 U.S.C. Sec. 1202(a)(1). We therefore affirm his conviction.
 
 
 2
 Defendant also appeals the enhancement of his sentence to four years pursuant to the dangerous special offender statute, 18 U.S.C. Sec. 3575(a). Defendant bases his appeal on the assertion that the court did not make the requisite findings of "special offender" as defined in 28 U.S.C. Sec. 3575(e) and "dangerous" as defined by 18 U.S.C. Sec. 3575(f).
 
 
 3
 Prior to trial, the government filed a motion requesting that Johnson receive enhanced sentencing. Defendant's prior criminal record was stipulated to by the parties. Defendant was convicted in North Carolina state courts on January 26, 1972 and again on February 4, 1972 for armed robbery. Defendant was also convicted in North Carolina state court on September 30, 1983 for accessory after the fact to common law robbery. These were all felony convictions, punishable by imprisonment in excess of one year. They constituted convictions for offenses committed on two or more occasions. The defendant was imprisoned as a result of his 1972 convictions. The defendant was convicted of the felony at issue here subsequent to his release from such imprisonment, and less than five years have elapsed between his last felony conviction and the conviction in the instant case. Thus, the defendant is a special offender as defined by 18 U.S.C. Sec. 3575(e) and properly was so found by the district court.
 
 
 4
 The record indicates, however, that the district judge made a single finding that the defendant was a dangerous special offender based upon the stipulated pre-existing record of the defendant. We have held, however, in Scarborough, infra, that a separate finding of dangerousness is required before enhanced sentencing is proper. This is distinct from the record of convictions and sentences of the defendant which is sufficient by itself to trigger special offender status. United States v. Scarborough, 777 F.2d 175, 183 (4th Cir.1985). While it may well be that the record of the defendant, with or without all the circumstances the district court may consider, is sufficient to support a finding of dangerousness as defined by 18 U.S.C. Sec. 3575(f), that is a separate question to be determined by the district court under Scarborough. So, the sentence must be vacated and the case remanded for resentencing.
 
 
 5
 The judgment of conviction is affirmed. The sentence is vacated, and the case is remanded for resentencing.
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.